UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 17-0235-MWF (SSx)                **Date:** July 24, 2017
**Title:**   Gopikrishtan Govindasamy -v.- Madhivanan Selvasekaran, et al.

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
|---|---|
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**   ORDER GRANTING MOTION TO DISMISS [13]

    Before the Court is Defendant Madhivanan Selvasekaran's Motion to Dismiss Defamation Complaint (the "Motion"), filed June 16, 2017. (Docket No. 13). Plaintiff Gopikrishtan Govindasamy did not oppose the Motion. Accordingly, on July 7, 2017, Selvasekaran filed his Reply, which served as a notice of non-opposition to the Court. (Docket No. 18).

    The Court has reviewed and considered the papers filed on the Motion, and held a hearing on **July 24, 2017**, at which counsel for Plaintiff failed to appear.

    The Motion is **GRANTED.** The failure to file an opposition is itself a basis for granting the Motion. L. R. 7-12. On the merits, the action is barred by the doctrine of claim preclusion and by the relevant statute of limitations.

    On January 11, 2017, Plaintiff filed an action in this Court alleging that Selvasekaran defamed him by claiming that Plaintiff is a person of bad character, including that he married and later divorced an American woman. (Complaint ¶ 5 (Docket No. 1)). Plaintiff alleges that to people of Indian descent, these statements would be defamatory. (*Id.*). Plaintiff alleges that Selvasekaran made these statements on various dates from March 2014 through December 2015. (*Id.*).

    Plaintiff previously filed the exact same complaint in this Court. (*See* Request for Judicial Notice ("RJN") at 2, Ex. 1 ("*Govindasamy I*") (Docket No. 14)); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings to determine what was litigated in prior, related

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-0235-MWF (SSx)            **Date:** July 24, 2017
**Title:**     Gopikrishtan Govindasamy -v.- Madhivanan Selvasekaran, et al.

actions); *but see Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."). The only differences between the prior complaint and this Complaint are (1) that Plaintiff previously alleged Selvasekaran was a resident of Utah, but now alleges that he is a resident of Texas; and (2) that Plaintiff previously alleged that the defamation continued only through July 2014. (*Id.* ¶¶ 2, 5). *Govindasamy I* was dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (RJN, Ex. 4). The court did not specify whether the dismissal was with or without prejudice. (*Id.*).

      Rule 41 permits the court to dismiss an action for failure to prosecute. Fed. R. Civ. P. 41(b). Rule 41 specifies that "[u]nless the dismiss order states otherwise" dismissal for failure to prosecute "operates as an adjudication on the merits." *Id.* Because the prior order of dismissal did not state otherwise, the dismissal in *Govindasamy I* operated as an adjudication of Plaintiff's claim on the merits.

      It is well-settled in the Ninth Circuit that the doctrine of claim preclusion "bars the re-litigation of claims previously decided on their merits." *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). A claim is precluded if the following three elements are established: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters*, 399 F.3d at 1051 (internal quotation marks and citations omitted).

      All three elements are present here. Plaintiff's Complaint is materially identical to the complaint in *Govindasamy I*, and it alleges wrongdoing by the exact same defendant. The district court in *Govindasamy I* ruled against Plaintiff in a published minute order and issued a final judgment on the merits. Accordingly, this action is barred by the doctrine of claim preclusion.

      The Court notes that even if the action were not precluded, it would be dismissed as barred under the relevant statute of limitations. California imposes a one-year statute of limitations on defamation claims. Cal. Civ. Proc. Code § 340(c). Here, Plaintiff alleges that the defamation extended through December 2015. (Compl. ¶ 5).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-0235-MWF (SSx)           **Date:** July 24, 2017

**Title:** Gopikrishtan Govindasamy -*v.*- Madhivanan Selvasekaran, et al.

Assuming the defamation occurred on the last day of December in 2015, the last day to file an action for defamation arising out of that conduct was December 31, 2016. Plaintiff did not file his Complaint in this action until January 11, 2017. Plaintiff has made no argument for equitable tolling, and thus the action is barred by the statute of limitations.

    For the foregoing reasons, the Motion is **GRANTED** and the action is **DISMISSED** *with prejudice*.

    This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

    IT IS SO ORDERED.